By the Court.

This cause is to be decided on certain exceptions, taken to opinions delivered by the Judge of the first district, in the course Of the trial, before him. The suit was originally instituted, by the appellee against the appellant, in the late court of the parish and city óf New-Orleans, under the late territorial government, for the recovery of the price of certain lots, purchased by the appellant, who being dissatisfied with the judgment, appealed to the late Superior Court Of the Territory of Orleans and on the change of government, the cause remained to be determined by the court of the first district.
The first exception is to the decision of the judge below, in refusing to suffer the appellant to submit facts to be found by the jury ; a right claimed under the sixth section of the act of the legislative council, regulating the practice of the late superior courts, which remains unrepealed and is still in force. It appears that all the requisitions of that law had been complied with by the . party proposing to submit the facts to the jury, and that the Judge was rightly called upon, to determine whether they did, or did not, arise out of the pleadings.
*199 We are of opinion, thát the three first facts are as'much'within the pleadings, as the two last, and that they ought to have been allowed to go to jury, either to have been found, separately and severally, as the law directs, for the purpose of enabling the court to render its judgment or decree, or, if the jury, as the law authorises them .to do, choose to find a general verdict, determining the law and the facts, they ought to have been permitted to take them into consideration, as constituting the principal ground of the appellant’s defence, and might have had great influence on their decision. It is certainly improper, in any case, to withhold from juries, called upon to determine disputes between suitors, any feet or circumstance, which may lawfully be allowed to . them for examination and which may influence their verdict. This court is, therefore, of opinion that the district judge erred, in striking out the three first facts tendered by the appellant, or, which amounts to the same thing, in not suffering them to be argued on by his counsel and considered by the jury.
As to the second exception, to the opinion of the judge below, in admitting Foucher to be sworn and examined as a witness, we think it correct. It does not appear that he was interested in the event of the suit, in such a manner as to render him incompetent.
*200 e third and last exception is to the opinion Judge, in not allowing th,e appellant to give in evidence to the jury a petition of the ap-pelfee to the Superior Court of the Territory of Orleans, praying a meeting of his creditors, in. tending thereby to prove that he was in failing circumstances. This court thinks that the district judge did not err, in rejecting this testimony; believing, as he did, that it is immaterial, as, until a final surrender and appointment of syndics, it could not affect the appellee’s right to recover.
In the present situation of the cause before us, we cannot regularly notice what may be the legal effect of the incumbrance, existing on the lots purchased by the appellant, and created by the mortgage of the appellee to Madam Deior, the original proprietor of the land, on which the faux-feourg is laid Out; but the judge of the district having erred in not permitting the facts, as drawn up by the appellant to go to the jury, it is order* ed by this court, that the cause be remanded to1 the said district court, there to be again tried, with directions to the Judge to allow said facts to be submitted to the jury for their consideration and finding. ,